IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BERNARD L. CHERRY,** | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 3:20-cv-136-DWD |
| **UNITED STATES OF AMERICA,** | ) ) ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Bernard L. Cherry's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. In January 2021, the Court appointed a Federal Public Defender to represent Cherry and file either an amended petition or a motion to withdraw. (Doc. 5) In March, Cherry's counsel filed a motion to withdraw, stating that he could find no non-frivolous basis for Cherry's petition. (Doc. 9) Respondent has filed its response to Cherry's petition. (Doc. 17) And Cherry has responded to his counsel's motion to withdraw and Respondent's brief. (Docs. 13 & 19) The petition is now ripe for decision. For the following reasons, Cherry's petition is due to be dismissed.

"Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013). However, inmates may not use § 2255 to relitigate issues decided on direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *White v. United*

*States*, 371 F.3d 900, 902 (7th Cir. 2004). Issues not raised on direct appeal are procedurally defaulted and may not be raised in a § 2255 motion, unless an inmate shows cause for the default and actual prejudice, or that he is actually innocent of the crimes of which he was convicted. *Allison v. United States*, No. 19-cv-349-SPM, 2021 WL 872138, at *10 (S.D. Ill. Mar. 9, 2021).

On December 13, 2016, a police officer arrested Cherry after noticing a gun a few feet away from Cherry. In July 2017, a jury convicted Cherry of unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). At trial, Cherry stipulated that he was a felon at the time of his arrest, so the only question for the jury to decide was whether he possessed a firearm. *United States v. Cherry*, 921 F.3d 690, 692 (7th Cir. 2019). Relying on *United States v. Jackson*, 598 F.3d 340 (7th Cir. 2010), the district court refused Cherry's proposed "innocent possession" jury instruction. *Id.* On appeal, the Seventh Circuit affirmed that the "innocent possession" defense was not available to Cherry. *Id.*

Cherry raises two arguments in his § 2255 motion. First, he argues again that the district court wrongfully refused his proposed "innocent possession" jury instruction. (Doc. 1 at 16–19) The Court will not consider this argument as it has already been litigated at trial and on appeal. *See White*, 371 F.3d at 902. Cherry presents no new facts or law that would justify a reconsideration of his argument. Therefore, his § 2255 motion is due to be denied as it relates to the "innocent possession" jury instruction.

Second, Cherry raises an argument based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), which held that 18 U.S.C. § 922(g)

2

requires that the government prove a defendant *knew he was a felon* at the time he possessed a gun. Because Cherry did not raise this argument on direct appeal, it is procedurally defaulted. And Cherry cannot overcome this default because even if the Court assumes Cherry has shown cause for his default based on *Rehaif*, he has not shown prejudice. There is ample evidence supporting the inference that Cherry knew he was a felon when he was in possession of the gun. At trial, Cherry stipulated to the fact that he had been convicted of a felony prior to his arrest. For another, the Presentence Report prepared by the U.S. Probation Office indicates that Cherry had previously been convicted of multiple felonies and served more than a year in prison for at least three of them. The Court finds that any argument that Cherry did not know he was a felon at the time of his arrest is implausible. *See Lacey v. United States*, No. 19-cv-994-SMY, 2020 WL 3129438, at *2 (S.D. Ill. June 12, 2020) (making the same finding for defendant who had stipulated to his status as a felon and had previously been sentenced to prison for over a year on three separate occasions). For the same reasons, the Court finds that Cherry has not shown "that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt," and therefore has not shown actual innocence. *See Perrone v. United States*, 889 F.3d 898, 906 (7th Cir. 2018). Because Cherry has not shown prejudice or actual innocence, his § 2255 motion is due to be denied as it relates to his *Rehaif* claim.

Accordingly, Assistant Federal Public Defender Preston Humphrey's Motion to Withdraw (Doc. 9) is GRANTED; Petitioner's Motion for Relief pursuant to 28 U.S.C.

§ 2255 (Doc. 1) is DENIED; and this action is DISMISSED with prejudice. The Clerk of Court is DIRECTED to enter judgment accordingly.

**SO ORDERED.**

Dated: August 4, 2021

_____
DAVID W. DUGAN
United States District Judge